UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER VINCENT NICOLAIS**                     **CIVIL ACTION**

**VERSUS**                                            **NO. 23-7094**

**BRAD CHERAMIE, ET AL.**                             **SECTION: "T"(3)**

REPORT AND RECOMMENDATION

Plaintiff, Christopher Vincent Nicolais, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983. Asserting claims related to criminal charges brought against him in various Louisiana parishes, he named the following defendants in his original complaint: Brad Cheramie; Robert Shaw; Detective Rivera; Jefferson Parish Assistant District Attorney Michael Morales; Tangipahoa Parish Assistant District Attorney Alexis Taylor; and Compliance Director Greg (Last Name Unknown) of the Louisiana State Licensing Board.[1] Plaintiff then filed an amended complaint in which added more than thirty additional defendants.[2] He was also later granted leave to amend the complaint to substitute Brad Hassert in place of the defendant originally identified as Compliance Director Greg (Last Name Unknown).[3]

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 11.
[3] *See* Rec. Doc. 54.

Several defendants filed motions to dismiss.[4] The undersigned has issued a report recommending that those motions be granted and that plaintiff's claims against Tangipahoa Parish Assistant District Attorney Alexis Taylor, the Louisiana State Licensing Board, Brad Hassert (originally named as Compliance Director Greg), Jefferson Parish District Attorney Paul D. Connick, Jr., and Assistant District Attorney Michael Morales be dismissed with prejudice.[5] That Report and Recommendation is currently pending before the United States District Judge.

For the following reasons, the undersigned now recommends that all of plaintiff's remaining claims, **except for his claims against Brad Cheramie**, be dismissed as well.

**I. Mandatory Screening of the Amended Complaint (Rec. Doc. 11)**

Federal law expressly mandates that federal courts screen certain actions for failure to state claim on which relief may be granted. For example, 28 U.S.C. § 1915 requires such screening of cases filed *in forma pauperis*.[6] In addition, 28 U.S.C. § 1915A requires such screening of certain cases filed by prisoners.[7] Because this case

---

[4] Rec. Docs. 22, 27, and 36.
[5] Rec. Doc. 55.
[6] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915(e)(2)(B)(ii).
[7] That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute similarly provides: "On review, the court shall identify cognizable claims or dismiss

was filed *in forma pauperis* and because plaintiff is a prisoner, both of those provisions apply to plaintiff's amended complaint.

Plaintiff's amended complaint added the following defendants: Alice Nicole Dunn; Alexis Messenger; Brian Robert Lee; Brandon Spann; Jarred Sherman; Gailan Hair; Rhonda Tastett and the BBB Nola; the Louisiana Insurance Guarantee Association; the State of Louisiana; the Louisiana Insurance Commissioner; State Farm; Allstate; USAA; Centuiri Insurance; Lloyds of London; Minute Man Adjusters; Tabb Henderson; James Huxen; Betty Johnson; Pat Brady; Sally Elsamra; "The Attorney General of NOLA"; the St. Tammany Parish District Attorney; the Lafourche Parish District Attorney; the Jefferson Parish District Attorney; Christian Lamar; Todd Lancaster; Javier Vargas; Jacob Cherney; Kelly Storm; Carlos Claimpay.com; Kieth Sanders; and Rahshaud Henry.[8]

As noted, the prior Report and Recommendation issued in this case addressed, among others, the claims against the Jefferson Parish District Attorney and recommended that the claims against that defendant be dismissed. The undersigned now additionally recommends that all claims against all of the remaining defendants added in the amended complaint be dismissed under the Court's screening authority for failure to state a claim on which relief may be granted.

---

the complaint, or any portion of the complaint, if the complaint … fails to state a claim upon which relief may be granted …." 28 U.S.C. § 1915A(b)(1).
[8] Rec. Doc. 11.

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough **facts** to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (emphasis added; footnote, citation, and quotation marks omitted). Further, the United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added; citation and quotation marks omitted).

In his amended complaint, plaintiff merely listed the additional defendants he wished to sue without making any factual allegations against them. That does not suffice. When a plaintiff merely lists a defendant in a complaint but makes no factual allegations against the defendant, he has failed to state a claim against that defendant. *See Tuley v. Heyd*, 482 F.2d 590, 594 (5th Cir. 1973) (noting that the mere inclusion of names and notations of office in the caption does not suffice to state a claim); *Guillotte v. Lafourche Parish*, Civ. Action No. 21-1400, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022) ("Merely listing a defendant in a complaint without asserting any factual allegations necessary to connect that defendant to a specific claim does

4

not suffice for pleading purposes under Fed. R. Civ. Proc. 8."), *adopted*, 2022 WL 742473 (E.D. La. Mar. 11, 2022). Accordingly, all of the claims against all of the remaining defendants added in the amended complaint should be dismissed.

## II. Claims Against Robert Shaw and Detective Rivera

Plaintiff included Robert Shaw and Detective Rivera as defendants in the original complaint.[9] Before this case was reallotted to the undersigned,[10] however, United States Magistrate Judge Janis van Meerveld entered an order stating:

> The United States Marshal was unable to serve Robert Shaw based on the information plaintiff provided. Plaintiff stated in the complaint that Shaw was a detective with the Gretna Police Department. Rec. Doc. 3, p. 4. However, the Marshal's unexecuted return states: "There is no Robert Shaw with Gretna P.D. According to Gretna P.D. attorney Jason Demarco." Rec. Doc. 19.
>
> The United States Marshal was likewise unable to serve Detective Rivera based on the information plaintiff provided. Plaintiff stated in the complaint that Rivera was a detective with the New Orleans Police Department. Rec. Doc. 3, p. 4. However, the Marshal's unexecuted return states: "Does not work here. Checked NOPD roster." Rec. Doc. 20.
>
> It is plaintiff's responsibility to provide all information necessary for the United States Marshal to effect service. Accordingly, **IT IS ORDERED** that, on or before **March 29, 2024**, plaintiff provide the Court with (1) the address at which Robert Shaw can be served and (2) Detective Rivera's full name and the address at which that defendant can be served.
>
> If plaintiff fails to comply with the Court's order and fails to show good cause for not doing so, plaintiff's claims against those defendants may be dismissed pursuant to Fed. R. Civ. P. 4(m).[11]

---

[9] Rec. Doc. 3.
[10] Rec. Doc. 41.
[11] Rec. Doc. 23.

**Plaintiff did not respond to that Order.** Therefore, for the following reasons, the claims against Shaw and Rivera should now be dismissed.

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[12] Therefore, he was entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That fact, however, did not relieve plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and **attempt to remedy any apparent service defects of which a plaintiff has knowledge.**" *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. *Id.*

Here, the Rule 4(m) deadline has expired, and, despite the passage of an extensive period of time, plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on Shaw or Rivera. The

---

[12] Rec. Doc. 5.

Court gave plaintiff notice of the fact that those defendants were not served, as well as an opportunity to cure that defect. Nevertheless, he failed to cure the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve Shaw and Rivera resulted not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

Despite being given express notice that his claims against Shaw and Rivera could be dismissed unless plaintiff provided the required information or showed good cause for failing to do so, plaintiff failed to respond to the Court's notice. Accordingly, dismissal of those claims is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Verdin v. Soignet*, Civil Action No. 23-02735, 2024 WL 1595703, at *7-8 (E.D. La. Jan. 16, 2024), *adopted*, 2024 WL 960388 (E.D. La. Mar. 6, 2024); *Pines v. St. Tammany Parish Prison*, Civ. Action No. 09-3113, 2009 WL 3347384, at *1-2 (E.D. La. Oct. 14, 2009).

### III. Claims Against Brad Cheramie

If both the original Report and Recommendation and the instant Report and Recommendation are adopted, only plaintiff's claims against Brad Cheramie will remain. Cheramie has filed an answer in this proceeding.[13] Accordingly, at present,

---

[13] Rec. Doc. 21.

the claims against Chermaie should remain referred to the undersigned pending further development.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the following defendants be **DISMISSED WITHOUT PREJUDICE** for to state a claim on which relief may be granted: Alice Nicole Dunn; Alexis Messenger; Brian Robert Lee; Brandon Spann; Jarred Sherman; Gailan Hair; Rhonda Tastett and the BBB Nola; the Louisiana Insurance Guarantee Association; the State of Louisiana; the Louisiana Insurance Commissioner; State Farm; Allstate; USAA; Centuiri Insurance; Lloyds of London; Minute Man Adjusters; Tabb Henderson; James Huxen; Betty Johnson; Pat Brady; Sally Elsamra; "The Attorney General of NOLA"; the St. Tammany Parish District Attorney; the Lafourche Parish District Attorney; Christian Lamar; Todd Lancaster; Javier Vargas; Jacob Cherney; Kelly Storm; Carlos Claimpay.com; Kieth Sanders; and Rahshaud Henry.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Robert Shaw and Detective Rivera be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

It is **FURTHER RECOMMENDED** that plaintiff's claims against Brad Cheramie remain referred to the United States Magistrate Judge pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 19th day of August, 2024.

                                              **EVA J. DOSSIER**
                                              **UNITED STATES MAGISTRATE JUDGE**