UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER VINCENT NICOLAIS                    CIVIL ACTION

VERSUS                                          NO: 23-7094

BRAD CHERAMIE, ET AL.                           SECTION: "T" (3)

## ORDER

Before the Court is Plaintiff's, Christopher Nicolais, Motion for Reconsideration. R. Doc. 61. For the following reasons, the Motion is **DENIED IN PART AND GRANTED IN PART.**

## BACKGROUND

Plaintiff filed this *pro se* and *in forma pauperis* action alleging various claims under 42 U.S.C. § 1983. R. Doc. 3. Plaintiff later amended his complaint to add thirty additional defendants. R. Doc. 11. The U.S. Marshal could not identify defendants "Robert Shaw" and "Detective Rivera" for pauper service. R. Docs. 18-19. The Magistrate Judge ordered on February 14, 2024, that Plaintiff provide "(1) the address at which Robert Shaw can be served and (2) Detective Rivera's full name and the address" or show good cause for the failure to serve by March 29, 2024. R. Doc. 23. *Id.* The Court found Plaintiff failed to reply to the order. *See* R. Doc. 57. Instead, Plaintiff filed for leave to amend to add "Debra Cheramie", "Detective Robert Stoltz Jr. (JPSO)", and "Sargent Todd Rivere (JPSO)" as defendants "based on [] corrections" on July 21, 2024. R. Doc. 50. The Magistrate Judge denied Plaintiff's motion as futile for failure to state a claim on which relief may be granted. R. Doc. 56.

The Magistrate Judge subsequently recommended dismissal for all existing defendants, except Brad Cheramie, for failure to state a claim on which relief could be granted. R. Docs. 55, 57. The Magistrate also recommended dismissal without prejudice for Plaintiff's claims against

1

"Robert Shaw" and "Detective Rivera" under Fed. R. Civ. P. 4(m). R. Doc. 57. Without timely objection, the Court adopted the Magistrate Judge's Report and Recommendations. R. Docs. 58-59. After adoption, the Court received Plaintiff's untimely objection. R. Doc. 61.

Plaintiff's untimely objection moves to add an additional defendant, Debra Cheramie. R. Doc. 61. Plaintiff also argues that his claims against "Robert Shaw" and "Detective Rivera" are not subject to dismissal under Fed. R. Civ. P. 4(m) because he substituted them for "Robert F. Stoltz Jr., JPSO" and "Sargent Todd M. Rivere, JPSO." *Id.* Plaintiff attaches an internal inmate grievance form ("inmate grievance form") hand-dated on March 6, 2024, that he claims identified Debra Cheramie and timely substituted Detective Robert Stoltz Jr. and Sargent Todd M. Rivere as defendants. R. Doc. 61. The Court never received this document even though it is addressed to this Court.

## LAW & ANALYSIS

### I.    LEGAL STANDARD

Objections to a Magistrate's Report and Recommendations typically must be made within fourteen days after service. 28 U.S.C. § 636(b)(1). Untimely objections can be heard by a district judge "under a *de novo* [review] or any other standard." *Younce v. Barnhart,* 98 Fed.Appx. 305, 306 (5th Cir. 2004) (holding a district court could hear a two-day untimely objection to a Magistrate Judge's Report and Recommendations). *Pro se* litigant filings are liberally construed. *Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009). The Court looks not to the filing's title but to its substance. *See, e.g., Hernandez v. Thaler,* 630 F.3d 420, 426–27 (5th Cir. 2011). However, a *pro se* litigant cannot avoid procedural requirements. *Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021). The Court has reviewed objections made after the district court's adoption under Fed. R. Civ. P. 59. *See, e.g., Cooley v. Soc. Sec. Admin.*, 2022 WL 3500457, at *1 (E.D. La.

Aug. 18, 2022). Rather than deny his claims, the Court reviews Plaintiff's filing as a Motion for Reconsideration.

Pursuant to Fed. R. Civ. P. 59, a party may "call [] into question the correctness of a judgment" or order, and ask a court to reconsider it. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The moving party must show "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Reconsideration of an order is an "extraordinary remedy," and it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989)). District courts have wide discretion in granting or denying motions for reconsideration. *Id.*

## II.    Request to Add Debra Cheramie as An Additional Defendant

Merely labeling a party as an additional defendant without specific factual assertions is insufficient to state a claim under Fed. R. Civ. P. 12(b)(6). *See, e.g., Aschroft v. Iqbal,* 556 U.S. 662, 678 (2009) (merely "offer[ing] labels [] will not do"); *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 563 (E.D. La. Feb. 2, 2022); *Bracamontes v. Geovera Specialty Ins. Co.*, No. CV 23-1593, 2024 WL 2271667, at *5 (E.D. La. May 20, 2024).

Plaintiff did not include Debra Cheramie in his original complaint, first amended complaint, or his subsequent motion for leave to amend. *See* R. Docs. 3, 11, 30. When Plaintiff finally moved to add Debra Cheramie, he did not assert any factual allegations. R. Doc. 50. He was no longer entitled to amendment as a matter of right. *See* Fed. R. Civ. P. 15(a). Because Plaintiff's unsupported claim against Debra Cheramie was futile and "subject to dismissal, leave

3

to amend need not [have] been given." *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013). The Magistrate Judge did not err in denying leave to amend.

Plaintiff's inmate grievance form does not qualify as "new evidence" to allow an additional defendant. There, he lists Debra Cheramie as an additional defendant with some factual allegations. R. Doc. 60. However, only facts that "(1) would probably change the outcome; (2) are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) are not merely cumulative or impeaching" warrant reconsideration. *Johnson v. Diversicare Afton Oaks*, 597 F.3d 673, 677 (5th Cir. 2015) (cleaned up). The allegations in the inmate grievance form all stem from Plaintiff's original claims in 2022. *See* R. Doc. 60. Plaintiff could have but failed to include Debra Cheramie in his first amended complaint that added no less than thirty additional defendants. *See* R. Doc. 11.

Therefore, Plaintiff's motion to add Debra Cheramie does not warrant reconsideration. Amendment is untimely and futile.

### III.    Request to Reconsider Dismissed Claims Against Robert Shaw and Detective Rivera

A plaintiff typically must establish good cause to reverse dismissal without prejudice under Fed. R. Civ. P. 4(m). *Thompson v. Brown,* 91 F.3d 20, 22 (5th Cir. 1996). However, because Plaintiff's prescriptive period "likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." [1] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)). Dismissal is warranted

---

[1] 42 U.S.C. 1983 has no statute of limitations. Instead, Louisiana's one-year, residual prescriptive period for personal injury claims governs. *See* La. Civ. Code Ann. art. 3492; *see also Brown v. Pouncy*, 93 F.4th 331, 338 (5th Cir. 2024).

when "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). Delay must be "longer than just a few months; instead, [it] must be characterized by significant periods of total inactivity." *Thrasher v. City of Amarillo,* 709 F.3d 509, 513 (5th Cir. 2013) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)).

Plaintiff's unsuccessful attempts to remedy service by reidentifying "Robert Shaw" and "Detective Rivera" are merely negligent and do not warrant dismissal. The Court finds Plaintiff attempted to fix deficient service three times before dismissal. *See* R. Docs. 47, 50, 60. Plaintiff included "Detective Robert Stoltz Jr., JPSO" and "Sargent Todd M. Rivere, JPSO" as defendants based on "name corrections" on March 6, 2024 (R. Doc. 60), requested confirmation that the Court accepted "name corrections" on June 21, 2024 (R. Doc. 47), and listed Stoltz Jr. and Rivere among parties for "name [] corrections" on July 29, 2024 (R. Doc. 50). *Id.* Three unsuccessful attempts to correct service do not exemplify "significant periods of total inactivity" or a "clear record of delay." *Millan,* 546 F.3d at 326–27 (a plaintiff's claim was not subject to dismissal under Rule 4(m) following three unsuccessful service attempts). Unlike in *Thrasher,* Plaintiff has also attempted to re-correct service after the deadline, so extension is not meritless. 709 F.3d at 514.

A *pro se* litigant should "attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff attempted to cure these defects. In this case, the Court indicated it "would first allow plaintiff an opportunity to correct any service defects before recommending dismissal of his claims." R. Doc. 55 at 8. Therefore, the Court elects to use its discretion to extend time for service. *See Thompson,* 91 F.3d at 21. Accordingly,

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration with respect to adding Debra Cheramie as an addition defendant is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration with respect to Plaintiff's claims dismissed pursuant to Fed. R. Civ. P. 4(m) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims with respect to "Robert Shaw" and "Sargent Rivera" are **REINSTATED**; and

**IT IS FURTHER ORDERED** that Plaintiff provide the Court: (1) the full name and address where "Detective Robert Stoltz Jr." or "Robert Shaw" can be served and (2) the full name and address where "Sargent Todd M. Rivere" or "Sargent Rivera" can be served by **November 30, 2024.**

New Orleans, Louisiana, this 28th day of October 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE