UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER VINCENT NICOLAIS | CIVIL ACTION |
| VERSUS | NO. 23-7094 |
| BRAD CHERAMIE, ET AL. | SECTION: "T"(3) |

**REPORT AND RECOMMENDATION**

Before the Court is the Joint Motion to Stay Proceedings and for Extension of Pretrial Deadlines on Behalf of Defendants Brad Cheramie, Robert Stolz, and Todd Rivere.[1] Nicolais did not file a response to the motion despite being directed to do so.[2]

For the reasons set forth below, the Court recommends that the motion to stay be granted.

**I.    Background**

Plaintiff, Christopher Vincent Nicolais, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983. He originally sued over forty defendants, asserting claims related to criminal charges brought against him in various Louisiana parishes. The remaining defendants in the case are Detective Cheramie of the Gretna Police Department and Detective Stolz and Rivere of the Jefferson Parish Sheriff's Office. Nicolais claims that the defendants unlawfully sought arrest warrants and falsely arrested him on numerous criminal

---

[1] R. Doc. 76.
[2] R. Doc. 77.

offenses including contractor fraud and possession with the intent to distribute a controlled substance.[3] He seeks monetary damages and to have the charges dismissed.[4]

## II.  Discussion

Defendants seek an order staying this matter pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because the criminal charges against Nicolais arising from his arrests remain pending in the state court. Defendants allege that Nicolais has thirty-two criminal charges filed against him in a criminal case in Jefferson Parish. Defendants urge that the criminal charges are based on the same events at issue in Nicolais's civil complaint and, as a result, this case should be stayed until the criminal charges are resolved. Defendants also note that the State of Louisiana has filed a request for a sanity commission in Nicolais' state criminal case. Defendants further seek to continue or suspend all pretrial deadlines as well as the trial date that was set at the preliminary conference.[5]

---

[3] R. Doc. 3-1 at 5-6; R. Docs. 11 at 15, 17
[4] R. Doc. 3 at 5; R. Doc. 11 at 15, 17.
[5] At a preliminary conference on January 31, 2025 ,the parties agreed to proceed to trial before the undersigned United States Magistrate Judge. R. Doc. 74 at 1. Nicolais was directed to return an executed consent form by February 21, 2025. *Id.* Nicolais did not return the consent form and recently advised that he does not wish to make a decision regarding consent at this time. *See* R. Doc. 80 at 1.

A.     **Competency to Proceed**

Initially, defendants state that, in Nicolais's pending criminal case, the prosecution filed a motion for sanity commission to evaluate competency.[6] The Federal Rules of Civil Procedure provide that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed R. Civ. P. 17(c)(2). For purposes of Rule 17(c), an incompetent person is a "person without the capacity to litigate under the law of his state of domicile." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990). Nicolais is currently incarcerated at the Jefferson Parish Correctional Center, but that alone does not establish Louisiana domicile.[7] S*ee Pardue v. Pardue*, 37 F.3d 630 (5th Cir. 1994) ("'Ordinarily, courts presume that '[a] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.'")(quoting *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D.Ga.1973), *aff'd*, 488 F.2d 977 (5th Cir.1974). Nicolais's pleadings indicate that, prior to his arrest, he owned a roofing business and worked in Louisiana.[8]

Louisiana Code of Civil Procedure article 684 states: "A mental incompetent does not have the procedural capacity to sue." Because Louisiana law does not define the term "mental incompetent," "the relevant inquiry is whether the plaintiff is

---

[6] R. Doc. 76-1 at 7–8.
[7] R. Doc. 80.
[8] R. Docs. 3, 11. The record contains no suggestion that Nicolais has ties to another state.

3

mentally competent to understand the nature and effect of th[e] litigation such that he can make rational decisions with respect thereto." *Hamilton v. Vannoy*, No. 17-194-SDD-RLB, 2020 WL 1433528, at *1 (M.D. La. March 23, 2020) (citation omitted).

At this time, Nicolais has not been determined to be found incompetent to stand trial in his state criminal proceeding. Rather, a status hearing in that case is currently scheduled for April 3, 2025.[9] Regardless, Rule 17 competency to proceed with a civil lawsuit is not subject to the same standard as competency to face criminal prosecution. *Spence v. Harrison-Dunn*, No. 20-20498, 2021 WL 5409240, at *1 (5th Cir. Nov. 18, 2021) (citing *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006)).

The Court notes that Nicolais has shown an ability to articulate his claims in this case thus far. When he participated in the preliminary conference via Zoom on January 31, 2025, he asked cogent questions pertaining to his case relating to consenting to proceed before undersigned, amending his complaint, appointment of counsel and other matters. Nevertheless, because the undersigned recommends that this case be stayed and there are no interests that could be protected by appointing a guardian ad litem at this juncture, the Court need not reach the question of Nicolais's competency at this stage.

### B. Motion to Stay

As indicated, defendants move to stay the case pending resolution of Nicolais's state criminal charges. If Nicolais had already been convicted of the state criminal

---

[9] R. Doc. 76-1 at 6.

4

charges, this Court would be barred from considering his claims of false arrest and malicious prosecution by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (emphasis in original) (footnote omitted). *Heck* clearly bars false arrest claims brought by a convicted prisoner until such time as he obtains a favorable disposition on all of the underlying criminal charges for which he was arrested. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Queen v. Purser*, 109 F. App'x 659, 660 (5th Cir. 2004); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995); *Jordan v. Strain*, No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009). The same is true of a malicious prosecution claim. *See Lavergne v. Harson*, 583 F. App'x 361, 362 (5th Cir. 2014); *Cormier v. Lafayette City-Parish Consolidated Government*, 493 F. App'x 578, 583 (5th Cir. 2012).

The parties agree, however, that Nicolais is currently awaiting trial in state court so *Heck* is not directly applicable.[10] But this does not mean the Court should move forward with Nicolais's case. The Supreme Court applied a modified version of the *Heck* to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations. *Id.* at 393–94; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (finding stay of pretrial § 1983 challenges to an ongoing state criminal proceeding to be the best practice). The Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393–94 (2007) (citations omitted)

Nicolais's false arrest and malicious prosecution claims necessarily relate to the propriety of his ongoing state criminal proceeding. There is a strong potential for the application of *Heck* to bar his claims against the defendants. As a result, his false

---

[10] Nicolais admitted at a hearing held on January 31, 2025, that he is still awaiting trial on the criminal charges. *See* R. Doc. 74.

6

arrest and malicious prosecution claims against defendants Cheramie, Stolz and Rivere should be stayed until such time as Nicolais's state criminal proceedings are concluded.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the Joint Motion to Stay Proceedings and for Extension of Pretrial Deadlines on Behalf of Defendants Brad Cheramie, Robert Stolz, and Todd Rivere, R. Doc. 76, be **GRANTED**.

It is **FURTHER RECOMMENDED** the claims against defendants Brad Cheramie, Robert Stolz, and Todd Rivere be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court marks this action **CLOSED** for statistical purposes. Furthermore, the Court should order that, within a reasonable time after the finality of Nicolais's conviction or upon disposition of the charges in his favor, plaintiff, or any other party, may move to reopen the matter for further proceedings consistent with *Heck v. Humphrey*, 512 U.S. 477 (1994). Nicolais should be instructed that failure timely to file the motion to reopen could waive his opportunity to proceed with this civil action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

7

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

New Orleans, Louisiana, this 8th day of April, 2025.

                                              **EVA J. DOSSIER**
                                              **UNITED STATES MAGISTRATE JUDGE**